UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MIDASHA S.,[1]

                              Plaintiff,                  5:22-cv-1006 (BKS/ATB)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman
United States Attorney
Fergus Kaiser
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Midasha S. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for supplemental security income ("SSI") benefits. (Dkt. No. 1). This matter was

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation. (Dkt. No. 8); N.D.N.Y. L.R. 72.3(e). On July 17, 2023, after reviewing the parties' briefs, (Dkt. Nos. 10, 15, 16), and the Administrative Record,[2] Magistrate Judge Baxter issued a Report-Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). Plaintiff has filed objections to the Report-Recommendation, (Dkt. No. 18), and Defendant responded, (Dkt. No. 19). For the following reasons, the Court adopts Report-Recommendation in its entirety and affirms the Commissioner's decision.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 9), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

### III. ANALYSIS

The parties have not raised any objections to the background or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 12, at 1–11). The Court therefore adopts Magistrate Judge Baxter's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

As relevant here, Plaintiff objects to Magistrate Judge Baxter findings that: (1) that the ALJ properly evaluated the opinion of Plaintiff's treating therapist, Isabella Geraghty, P-LMFT; and (2) that the ALJ properly considered Plaintiff's subjective complaints. (Dkt. No. 18, at 1–5) (citing Dkt. No. 17, at 14–23).

#### A. Treating Therapist's Opinion

Geraghty, who provided psychotherapy to Plaintiff beginning in August 2020, (R. 1170), opined that Plaintiff had significant limitations with respect to a number of work-related activities as a result of her mental health impairments. (R. 1171 (opining that Plaintiff was severely to extremely limited in her ability to, among other things, "remember work-like procedures" and "understand and remember very short and simple instructions," maintain attention, regular attendance, and a routine, deal with "normal work stress," and "interact appropriately with the public")). However, the ALJ was "not very persuaded" by Geraghty's opinion, explaining that it was "not supported by the objective evidence in the record" or by Geraghty's own treatment notes. (R. 20). In the Report-Recommendation, Magistrate Judge Baxter found that the ALJ adequately considered the supportability factor and that because the ALJ's determination was supported by substantial evidence, Plaintiff's arguments that objective

3

clinical evidence in the record supported Geraghty's opinion amounted to an impermissible request to reweigh the evidence. (Dkt. No. 17, at 14–23).

Plaintiff objects to this aspect of the Report-Recommendation, arguing that Magistrate Judge Baxter's findings regarding the ALJ's analysis of Geraghty's opinion contain "inconsistencies" and fail to address "the obvious errors in the ALJ's evaluation of the supportability factor." (Dkt. No. 18, at 2). Specifically, Plaintiff asserts that Magistrate Judge Baxter's finding that the ALJ "explicitly" considered Geraghty's opinion, (Dkt. No. 18, at 2 (citing Dkt. No. 17, at 13 ("The ALJ explicitly considered Ms. Geraghty's [medical source statement] in her written decision."))), is inconsistent with his finding that ALJ "did not explicitly discuss" Geraghty's explanation for her restrictive limitations, (Dkt. 18, at 2 (citing No. 17, at 15 ("[T]he ALJ did not explicitly discuss the limited explanation provided by Ms. Geraghty in support of her restrictive limitations."))). The Court finds no inconsistency. Rather, Magistrate Judge Baxter provided an accurate description of the aspects of Geraghty's opinion to which the ALJ did, and did not, refer. Although the ALJ extensively discussed Geraghty's opinion, the contents of her treatment notes, and the "significant restrictions" Geraghty identified therein, the ALJ did not explicitly refer to the explanation Geraghty provided for her opinion. (R. 20). Therefore, Magistrate Judge Baxter's findings accurately reflect the ALJ's handling of Geraghty's opinion.

To the extent Plaintiff argues that this alleged "inconsistenc[y] in the Magistrate Judge's findings do not address the obvious errors in the ALJ's evaluation of the supportability factor," (Dkt. No. 18, at 2), she does not further explain or expand on this argument or otherwise refer to Geraghty's explanation anywhere in her objections. Accordingly, the Court has no basis on which to further consider this particular argument.

4

Plaintiff next argues that in finding that the ALJ properly evaluated the supportability of Geraghty's opinion, Magistrate Judge Baxter erred by elevating "the importance of mental status examination[s] over that of other, relevant medical evidence," such as Plaintiff's "history of treatment, medication regimen, participation in therapy, and diagnosis." (Dkt. No. 18, at 3). Having reviewed this issue, de novo, the Court finds the ALJ applied the proper legal standards and that her conclusion that Geraghty's opinion was not supported by her own treatment records and objective medical evidence satisfies the substantial evidence standard of review. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) ("Substantial evidence is evidence that 'reasonable mind might accept as adequate to support a conclusion.'" (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)).

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(a)–(c). The ALJ is required to "articulate how [she] considered the medical opinions" and "how persuasive [she] find[s] all of the medical opinions." *Id.* § 404.1520c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [she] considered the supportability and consistency factors" for a medical opinion. *Id.* § 404.1520c(b)(2).

At issue here is the ALJ's consideration of the "supportability" factor. As to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1); *see also id.* §

404.1520c(c)(2) (providing with respect to "consistency" that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be"); id. § 404.1520c(b)(2). (providing that an ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion).

In evaluating Geraghty's opinion, the ALJ expressly considered the presence of a number of "[n]ormal findings . . . in other mental status examinations, which contradict Ms. Geraghty's restrictions" (R. 20 (citing R. 527 (November 6, 2017 treatment note indicating "[a]ppropriate mood and affect"), R. 834 (August 26, 2019 consultative psychiatric examination finding Plaintiff's "demeanor and responsiveness to questions was cooperative," and "manner of relating, social skill and overall presentation" to be "adequate"), R. 864, 867 (November 25, 2019 office visit note indicating that Plaintiff reported functioning as "very difficult" due to continuation of depression symptoms" but no "thoughts of death or suicide" and finding that Plaintiff was "[o]riented to time, place, person & situation," had [a]ppropriate mood and affect," "[n]ormal insight," and "[n]ormal judgment"), R. 874 (October 4, 2019 treatment note indicating on psychiatric exam that Plaintiff was "[o]riented to time, place, person & situation"), R. 955 (April 17, 2018 emergency department note indicating "[p]sychiatric appropriate affect, cooperative"), R. 966 (December 3, 2020 treatment note indicating normal findings on psychiatric examination), R. 970–71, R. 990, R. 997, R. 1003, R. 1175 (March 9, 2021 office visit note indicating normal psychiatric examination), R. 1370, R. 1389 (August 25, 2021 office visit note indicating Plaintiff was "awake, alert, oriented x 3," normal mood and affect,"

"[m]emory grossly intact," attention was within normal limits, and "clear and appropriate" thought processes)).

But this was not the only medical evidence on which the ALJ relied in evaluating supportability and in concluding Geraghty's opinion was not persuasive. The ALJ also found that not only did Geraghty's "[t]reatment notes . . . contain no objective clinical findings, and simply reflect the claimant's statements of psychological symptoms" but that they indicated that "claimant was responding well to treatment," "was actively seeking competitive employment," and had "not reported any suicidal ideations." (R. 20). Thus, the ALJ adequately addressed the supportability factor. *Kim V. M. v. Comm'r of Soc. Sec.*, No. 3:21-cv-140, 2022 WL 4236253, at *3, 2022 U.S. Dist. LEXIS 165543, at *7–8 (N.D.N.Y. Sept. 14, 2022) (rejecting, inter alia, the plaintiff's argument that the "the ALJ failed to address the supportability and consistency of" her treating provider's opinion, explaining that "the ALJ's decision noted both how [treating provider's] opinion was inconsistent with her own treatment notes and that the limitations that she suggested were not well supported by the medical evidence") (internal quotation marks omitted).

Further, although Plaintiff asserts that the ALJ failed to consider "medical history, symptomology, diagnosis, the results of testing, the types and effects of medication, the clinical course of treatment, etc.," in evaluating Geraghty's opinion, (Dkt. No. 18, at 3), the ALJ's decision indicates otherwise. The ALJ specifically considered Plaintiff's medical history, (R. 19–20 (noting the "dearth of mental health treatment notes in the record," the "[n]ormal findings" noted in multiple mental status examinations, and absence of "history of psychiatric hospitalizations")), symptomology, (R. 20 (noting Plaintiff's "reports of difficulty functioning due to depression" as well as Plaintiff's "voiced improvement in her psychological symptoms

7

with treatment")), and course of treatment, (*see* R. 17, 20 (noting that "the record shows that she did not begin psychotherapy until 2020" and that Geraghty "did not begin treating the claimant until August 2020")). Thus, Plaintiff's argument is without merit.

Citing patient health questionnaires showing severe depression and anxiety that support Geraghty's opinion, Plaintiff argues "that the ALJ has mischaracterized the relevant, consistent evidence" and objects to Magistrate Judge Baxter's conclusion that this argument is "an attempt to have this court reweigh the evidence." (Dkt. No. 18, at 3–4 (citing R. 987, 990, 1017, 1025)). This argument, as the Commissioner correctly notes, is a restatement of the argument Plaintiff submitted to Magistrate Judge Baxter. (Dkt. No. 19, at 2). In rejecting this argument, Magistrate Judge Baxter explained:

> The court . . . will not endeavor to impermissibly reweigh[] the evidence considered by the ALJ where her analysis does not lack substantial supporting evidence, or otherwise constitute legal error.
> . . .
>
> The plaintiff's argument that the "evidence of record . . . demonstrates the existence of objective findings that would demonstrate consistency with [Ms. Geraghty's] opinion" also misses the mark. It is well settled that, if supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted). In other words, this court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

(Dkt. No. 17, at 17). As Plaintiff identifies no error but only a disagreement with Magistrate Judge Baxter's decision, her objection is an "attempt to relitigate the exact same issues decided by the Magistrate Judge [in] an improper objection," and therefore, it is subject to review only

for clear error. *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 538 (E.D.N.Y. 2018); *see also id.* (explaining that even though the plaintiff "may disagree with the R & R's conclusions, this is not the procedural mechanism to rehash" her initial arguments). Having reviewed for clear error, the Court finds none. Accordingly, the Court concludes that Plaintiff's objections to Magistrate Judge Baxter's finding that the ALJ properly evaluated Geraghty's opinion are without merit.

### B.     Plaintiff's Subjective Complaints

Magistrate Judge Baxter found that the ALJ applied the proper legal standard in evaluating Plaintiff's subjective complaints regarding her impairments and that the ALJ's determination that these complaints were not consistent with the record is supported by substantial evidence. (Dkt. No. 17, at 23–24). Plaintiff objects to this finding, arguing that the Magistrate Judge did not address: (1) the ALJ's failure to discuss, "with the exception of Plaintiff's daily activities," "the 'other' factors contemplated by the regulations that could be said to provide substantial evidence to support the ALJ's rejection of her subjective complaints"; or (2) the ALJ's failure to discuss how Plaintiff's daily activities "were inconsistent with her claim of disability." (Dkt. No. 18, at 5). The Court disagrees. Although Plaintiff did not, in her initial memorandum or objections, identify which of the "other" factors[3] she contends the ALJ failed to

---

[3] Among the kinds of evidence that the ALJ must consider (in addition to objective medical evidence) are:

> 1. The individual's daily activities; 2. [t]he location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. [f]actors that precipitate and aggravate the symptoms; 4. [t]he type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. [t]reatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. [a]ny measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and 7. [a]ny other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Gonzalez v. Kijakazi*, No. 21-cv-2685, 2022 WL 3330346, at *9–10, 2022 U.S. Dist. LEXIS 144218, at *25–26 (S.D.N.Y. Aug. 12, 2022) (quoting *Pena v. Astrue*, No. 07-cv-11099, 2008 WL 5111317, at *11, 2008 U.S. Dist. LEXIS 97879, at *30 (S.D.N.Y. Dec. 3, 2008).

discuss, not only did Magistrate Judge Baxter recount the ALJ's determination that Plaintiff's subjective complaints were "not entirely consistent with the evidence of record," but the Magistrate Judge reviewed the ALJ's discussion of "the noted effect of plaintiff's medication on her depression, and considered plaintiff's daily activities," including Plaintiff's "report that she had been caring for her four children and her grandmother, in addition to working as a teacher at some point during the period of alleged disability." (Dkt. No. 17, at 23–24). Thus, Plaintiff's contention that the Magistrate Judge did not address her arguments is without merit. As Plaintiff does not otherwise provide a specific objection to Magistrate Judge Baxter's analysis of the ALJ's consideration of her subjective complaints, the Court has reviewed the analysis for clear error and found none.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 17) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: November 27, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge